**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

ANN M. JACKSON,

        Plaintiff,

v.                                            Case No. 05-10329-BC
                                                Honorable Thomas L. Ludington

RITE AID CORPORATION,

        Defendant.

_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTIONS,
AND GRANTING DEFENDANT SUMMARY JUDGMENT**

On December 23, 2005, Plaintiff Ann Jackson filed suit against Defendant Rite Aid Corporation, alleging a violation of the Family and Medical Leave Act (FMLA), 5 U.S.C. §§ 6831 *et seq*.; 29 U.S.C. §§ 2611 *et seq*., retaliation for Plaintiff's exercise of rights under the FMLA, and failure to provide notice of rights under the FMLA. On January 19, 2007, Defendant filed a motion for summary judgment under Federal Rule of Civil Procedure 56.

Pursuant to an order of reference, Magistrate Judge Charles E. Binder issued a report and recommendation on Defendant's motion on June 28, 2007, recommending granting Defendant's motion. On July 13, 2007, Plaintiff timely filed objections, to which Defendant responded on July 26, 2007.

Plaintiff worked as a pharmacy technician at one of Defendant's stores. Her last day of work was November 4, 2002, at which time she maintains that she was unable to come to work due to illness. Plaintiff alleges that her supervisor responded negatively when Plaintiff called to report her

inability to come to work. She claims that the chief of pharmacy told her that she would be put on medical leave. Plaintiff does not dispute that her job was terminated on December 27, 2002.

In its motion for summary judgment, Defendant provided documentation to show that Plaintiff worked 1,090.9 hours during her employment with Defendant, from January 7, 2002 until November 4, 2002. In response, Plaintiff submitted her own affidavit, in which she asserts that Defendant's timekeeping system did not accurately reflect her work hours from January 7, 2002 to January 29, 2002. Pl. Rs. Br., Ex. 1, ¶ 7 [dkt #22]. In her affidavit, she also stated that she worked "off-the-books" hours. *Id*. at ¶ 9.

The magistrate judge recommended granting Defendant's motion for summary judgment. Based on 29 C.F.R. § 825.110(a),[1] he concluded that Plaintiff was not an eligible employee under the FMLA, *inter alia*, because she had not worked for Defendant for twelve months and for 1,250 hours during the twelve-month period prior to her termination. The magistrate judge also concluded that Plaintiff did not timely file her complaint within the three-year statute of limitation for willful violations of the FMLA under 29 U.S.C. § 2617(c)(2),[2] in part, because Defendant could reasonably

---

[1] 29 C.F.R. § 825.110(a), in relevant part, provides:

> An "eligible employee" is an employee of a covered employer who:
> (1) Has been employed by the employer for at least 12 months, and
> (2) Has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave, and
> (3) Is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite.

[2] 29 U.S.C. § 2617(c)(2) provides:

> In the case of such action brought for a willful violation of [29 U.S.C. § 2615], such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.

believe that Plaintiff was not an FMLA-eligible employee. As to Plaintiff's claims of interference or entitlement, in addition to his conclusion that Plaintiff is not an FMLA-eligible employee, the magistrate judge concluded that Plaintiff had not provided any evidence that she had a serious medical condition that entitled her to leave and that she did not timely provide notice to Defendant of any such condition. *See* 29 C.F.R. § 825.114; 29 C.F.R. § 825.303(a). Finally, as to her claim of retaliation for exercising rights under the FMLA, the magistrate judge concluded that Plaintiff provided no evidence of causation beyond temporal proximity, which by itself is insufficient.

Plaintiff filed four objections to the magistrate judge's report and recommendation. First, she cited to her affidavit[3] to contend that she worked additional "off-the-books" hours and identifies 29 U.S.C. § 254(b)(2) as a basis for including her overtime hours, which she implies would create a genuine issue of material fact as to whether she had worked 1,250 hours. Second, she asserts that she can avoid the statute of limitations because she believes that Defendant knew or should have known that she was entitled to FMLA leave, as a "carry-over" employee who had previously worked for an entity that Defendant acquired, and that the timing of her termination and her supervisor's negative comments show the reckless disregard required to apply the three-year statute of limitations. Third, Plaintiff contends that the magistrate judge inappropriately advanced legal theories to aid Defendant in securing summary judgment. Fourth, Plaintiff argues that she has provided evidence of retaliation beyond mere temporal proximity, and she again cites to her affidavit.

Based on a de novo review of the magistrate judge's report and recommendation on a

---

[3]Plaintiff also cites to an affidavit of a former co-worker, although that co-worker attests only to her own hours, and not to Plaintiff's hours.

dispositive motion, under 28 U.S.C. § 636(b)(1), the Court is not persuaded that Plaintiff's objections warrant rejecting the magistrate judge's recommendation to grant summary judgment to Defendant. *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

As to Plaintiff's first objection, regarding the number of hours she allegedly worked, she relies only on her own affidavit and that of a former co-worker. The former co-worker makes no attestation about the number of hours worked by Plaintiff. Although that affidavit could support an inference that Defendant's agents had a practice of having employees in Plaintiff's position work "off-the-books," Plaintiff's own affidavit, however, does attest to regularly required additional, unrecorded hours. She maintains that, for a period of about three weeks in January 2002, she had to arrive ten to fifteen minutes early for her shift. She asserts that her typical hours exceeded the 52.5 hours recorded in Defendant's timekeeping system. She further claims that she worked one to three hours of unrecorded time, at the request of the pharmacists, about two to three times a week. Despite Defendant's contention that Plaintiff has offered only conclusory and unsupported allegations, rooted only in speculation, Plaintiff has offered her own affidavit in which she attests to working a substantial number of hours. Yet, on a motion under Federal Rule of Civil Procedure 56, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Although Plaintiff does not provide a specific tally or precisely identify the exact dates on which she allegedly worked those unrecorded hours, construing her allegations in her favor results in the reasonable inference that her hours exceed 1,250 hours in the twelve months prior to her termination. That is, three hours three times a week from January to October of 2002, coupled with the 1090.9 hours identified by Defendant's timekeeping system, would surpass 1,250 hours. Accordingly, the Court cannot grant

Defendant summary judgment on that basis.

As to Plaintiff's second objection, the FMLA contains a general two-year statute of limitation and a three-year statute of limitation for an employer's willful violations of the FMLA. 29 U.S.C. § 2617(c)(2). "An employer commits a willful violation of the FMLA when it acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004) (citing *TransWorld Airlines, Inc. v. Thurston*, 469 U.S. 111, 125-130 (1985)). In support of her contention that Defendant recklessly disregarded, or knew, that it violated the FMLA, Plaintiff first alludes to her previous employment at another drug store, which she maintains applies to the tally of her hours. Yet neither her objections nor her affidavit address the legal status of Defendant as a successor in interest under 29 C.F.R. § 825.107 sufficient to conclude that any action by a prior employer put Defendant in a position where it should have known of its purported FMLA obligations. Nor does a single negative comment from a supervisor – "I'm tired of this shit" – suggest that Defendant willfully violated the FMLA. Although that comment hardly suggests a favorable disposition toward Plaintiff, neither does it show a reckless disregard for a statutory obligation. Similarly, mere temporal proximity between Plaintiff's leave and her termination, coupled with a comment, do not constitute reckless or knowing disregard for the statute. Accordingly, the Court agrees with the magistrate judge that summary judgment for Defendant is warranted on this ground alone, because Plaintiff has not advanced facts to support the application of the three-year limitation period for a willful violation of the FMLA. The two year statute of limitation applies, and Plaintiff filed her complaint after that period ran.

Because the Court is persuaded that Plaintiff's claims are time-barred, her third and fourth

objections to the magistrate judge's report and recommendation do not require specific attention. The Court does note, however, that the only evidence that Plaintiff cites in her explanation of the alleged causal relationship between her purported protected activity and her termination is, again, her affidavit. The Court's review of the affidavit reveals only the same negative comment by her supervisor but no additional basis for concluding that some causal link exists.

Consequently, although Plaintiff has advanced at least one persuasive objection to the magistrate judge's report and recommendation, she still has not overcome the barrier of the two-year statute of limitation under 29 U.S.C. § 2617. Thus, Defendant is entitled to summary judgment because Plaintiff's claims under the FMLA are time-barred.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #24] is **ADOPTED IN PART** and **REJECTED IN PART**, Plaintiff's objections [dkt #25] are **OVERRULED**, and Defendant's motion for summary judgment [dkt #17] is **GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 13, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS